# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2022

Lyle W. Cayce
Clerk

No. 22-30265

Colby Dranoel Leonard,

*Plaintiff—Appellant*,

*versus*

James M. LeBlanc, Secretary, Department of Public Safety and Corrections; Cranford Jordan, Louisiana Sheriff Association; James Keith Deville, Warden, Winn Correctional Center; David Yount, Education Director,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:22-CV-369

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Colby Leonard, Louisiana inmate # 536844, appeals the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. Leonard alleges

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-30265

that the defendants deprived him of his constitutional right to pursue educational and vocational opportunities while incarcerated. The magistrate judge's report rightly concluded that "a state has no constitutional obligation to provide basic educational or vocational training to prisoners." *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988).

Leonard's appeal is without arguable merit and, therefore, is DISMISSED as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983); 5TH CIR. R. 42.2. The dismissal counts as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir.1996). Leonard is cautioned that if he accumulates three strikes he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.